In the United States District Court
for the Western District of Michigan
Southern Division

| | |
|---|---|
| Joseph Cheeney,<br><br>*On behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Five Star Pizza Co., Inc., et al.,<br><br>Defendants. | Case No. 1:18-cv-606<br><br>Judge Janet T. Neff |

Order Granting Preliminary Settlement Approval

The Court, having reviewed the Motion for Preliminary Approval of Class and Collective Action Settlement, hereby ORDERS:

1. The Motion for Preliminary Approval of Class and Collective Action Settlement (ECF No. 93) is hereby GRANTED;

2. Under Federal Rule of Civil Procedure 23(b)(3), the following proposed class is certified pursuant to Michigan state wage and hour law for settlement purposes:

    All current and former delivery drivers employed from May 30, 2015, until February 10, 2020, at the Domino's franchise stores owned, operated, and/or controlled by Defendants ("Proposed Class").

3. The Proposed Class is also certified, for settlement purposes, as a collective action under Section 216(b) of the federal Fair Labor Standards Act.

4. For the purposes of approving the proposed settlement, the Proposed Class meets the requirements for certification of a settlement class under Rules 23(a) and 23(b)(3) of

the Federal Rules of Civil Procedure: (a) the Proposed Class is ascertainable and so numerous that joinder of all members of the Proposed Class is impracticable; (b) there are questions of law or fact common to the Proposed Class; (c) certain claims of Plaintiff are typical of the claims of members of the Proposed Class; (d) Plaintiff and his counsel will fairly and adequately protect the interests of the Proposed Class; (e) common issues predominate over individual issues; and (f) a class action is superior to the other available methods for an efficient resolution of this controversy.

5. For purposes of approving the proposed settlement, the members of the Proposed Class are "similarly situated" for purposes of certification under 29 U.S.C. § 216(b).

6. The Court's conditional findings are limited solely to the claims brought on behalf of the Proposed Class. The Court's findings are for purposes of certifying the Rule 23 class and the FLSA collective action and will not have any claim or issue preclusion or estoppel effects in any other case or action against Defendants, or in this case, if the settlement is not finally approved.

7. The Court finds on a preliminary basis that the proposed settlement falls within the "range of reasonableness" and therefore grants preliminary approval of the settlement. Based on a review of the papers submitted by the parties, the Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel has adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.

8. The Court finds and concludes that the Notice of Settlement and procedure set forth in the Settlement Agreement for providing notice to the Class will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), adequately advises the

Proposed Class of their rights under the settlement, and therefore meets the requirements of due process and is approved.

9.  The attorney's fees and costs requested are provisionally approved. The fees and costs will be approved after the final hearing occurs, taking into account any objections;

10.  The Parties are ordered to carry out the settlement according to its terms; and

11.  A notice will issue setting a Fairness Hearing. Any objectors wishing to be heard through themselves or counsel must comply with the terms of the Class Notice to submit written objections and to appear at the Fairness Hearing to present such objections.

12.  Any pleadings in support of the proposed settlement shall be filed at least 10 days before the Fairness Hearing. In the event that the settlement is not finally approved, or otherwise does not become effective, the Parties shall revert to their respective positions as of before entering into the settlement.

IT IS SO ORDERED, this ___14th___ day of ___February___, 2020.

          /s/ Janet T. Neff
The Honorable Janet T. Neff
United States District Judge