In the United States District Court
for the Western District of Michigan
Western Division

| | |
|---|---|
| Joseph Cheeney, | ) |
| | ) |
| | ) Case No. 1:18-cv-606 |
| *On behalf of himself and those similarly situated*, | ) |
| | ) Judge Janet T. Neff |
| Plaintiff, | ) |
| | ) Order Granting Unopposed Motion for Final Settlement Approval |
| v. | ) |
| | ) |
| Five Star Pizza Co., Inc., et al., | ) |
| | ) |
| Defendants. | ) |

Before the Court is Plaintiff Joseph Cheeney's Unopposed Motion for Final Settlement Approval. The Court, having reviewed Plaintiff's Motion and considered the arguments made during the Final Approval Hearing, hereby GRANTS Plaintiff's Motion.

**1. Background**

This is a wage and hour lawsuit brought on behalf of a class of pizza delivery drivers who worked at the Domino's Pizza stores owned and operated by Defendants Five Star Pizza Co., Inc., 5 Star Pizza, LLC, Deft Brothers, LLC, E.R.A. Pizza LLC, Eat Pizza LLC, and Eric Arnston. *See* Complaint, Doc. 1. Plaintiff filed his Complaint on May 30, 2018. *Id*. On July 5, 2018, Plaintiff moved to conditionally certify this matter as a collective action. *See* Doc. 12-13. On August 15, 2018, before Plaintiff's Motion was decided, the Parties submitted a joint motion to approve a stipulated form of notice of collective action and to stay proceedings in this action to allow time for the parties to try to resolve the case. Doc. 27. In their Joint Motion, the parties' stipulated that FLSA collective action notice would be distributed to putative opt in plaintiffs. *Id*. The Court

1

granted the Joint Motion. Doc. 28. Approximately seventy current and former delivery drivers opted in to the lawsuit in late 2018 and early 2019. After the parties submitted their Rule 26(f) Report of the Parties, this Court ordered the parties to attend mediation with Magistrate Judge Ellen S. Carmody. Doc. 72. On September 10, 2019, the parties attended a settlement conference with Judge Ellen S. Carmody, but were unable to reach a settlement. Doc. 75.

Meanwhile, *Labare v. Five Star Pizza Co., Inc.*, No. 1:19-cv-396 was filed on May 17, 2019. *Labare,* Doc. 1, Complaint. On September 16, 2019 the Court consolidated the two cases by Administrative Order. Doc. 76.

The parties continued their settlement discussions, now encompassing both cases, and eventually reached the Settlement Agreement now before this Court.

Plaintiff's primary claim in this lawsuit is that Defendants paid delivery drivers at or close to minimum wage and, at the same time, required delivery drivers to pay for their own delivery expenses like vehicle maintenance, insurance, vehicle wear and tear, etc., but failed to sufficiently reimburse the drivers for these costs. Plaintiff maintains that employers must reimburse their employees for these costs. *See, e.g.,* 29 C.F.R. 531.35; *Yu G. Ke v. Saigon Grill, Inc.,* 595 F.Supp.2d 240, 258 (S.D.N.Y. Oct. 21, 2008) ("Indeed, there is substantial legal authority for the proposition that mechanisms for transportation—typically motor vehicles—can be tools of the trade." (citing cases)). Plaintiff maintains that employers of minimum wage delivery drivers must either (1) track and reimburse actual expenses or (2) reimburse at the IRS standard business mileage rate. DOL Field Operations Handbook § 30c15; *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146-TMR, 2019 WL 5725043, *7 (S.D. Ohio Nov. 5, 2019). Defendants claim that they are not required to reimburse at the IRS rate or reimburse actual expenses, but instead may reasonably approximate the expenses associated with employees' business use of their personal vehicles, have

adequately reimbursed the delivery drivers for all of their expenses, and have at all times paid them properly. *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 721 (E.D. Mo. July 8, 2015) (citing 29 C.F.R. § 778.217). Defendants also deny that Plaintiff's claims are proper for class or collective action treatment, except for purposes of settlement.

Plaintiff claims that this practice results in a violation of the Fair Labor Standards Act and the Michigan Workforce Opportunity Wage Act, M.C.L. § 408.414. Complaint, Doc. 1. Defendants deny Plaintiff's claims and claim they paid and reimbursed their delivery drivers properly.

## 2. The Settlement Agreement

The parties' Settlement Agreement creates a Settlement Fund of $475,000. After deduction of attorneys' fees, advanced expenses, administrative costs, and service awards, the Fund will be distributed to the class members based on the number of miles they drove for Defendants. Settlement Agreement, Doc. 93-1, PageID 536, ¶ 33. The delivery drivers who opted in to the case during the FLSA notice period will have their miles driven counted at 1.5 times to account for the FLSA statute of limitations they preserved by opting in. *Id.*

The settlement fund is divided among the class members based on the number of miles they drove during their employment. Delivery drivers who opted in to the case during the FLSA notice period will have their miles calculated at 1.5 times to account for the FLSA statute of limitations that they preserved when they opted in to the case. Therefore, after deducting for fees, expenses, and for Plaintiff's incentive award, the Class Members will each receive a *pro rata* share of the Settlement Fund based on (1) the number of miles they drove during the settlement period and (2) whether they filed an opt-in form in this lawsuit. On average, each class member will receive $327.19.

In exchange for their share of the Settlement Fund, the Authorized Claimants are subject to the following release of claims:

> Upon the Effective Date of the Settlement, the Class Representative and all Participating Class Members that cash or otherwise negotiate their Settlement Payment check will release and forever discharge Defendants, and each of their former and present predecessors, successors, parents, subsidiaries, franchisors (including Domino's Pizza LLC), insurers, and affiliates, whatever their current or former legal names or legal entity status, and each of their respective current and former owners, officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims, rights, demands, liabilities and causes of action arising during the Release Period under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and Michigan state and local wage and hour claims (including but not limited to claims under the common law (e.g., breach of contract, unjust enrichment, etc.,) and Michigan Workforce Opportunity Wage Act, M.C.L. § 408.411 *et seq.*, and M.C.L. § 408.931 *et seq.*) relating to claims for expense reimbursement, dual jobs/80-20 claims, and tip credit notice claims, and based on facts asserted in the Actions.

Settlement Agreement, ¶ 44. Additionally, the Settlement Agreement provides:

> All Participating Class Members, regardless of whether they cash or otherwise negotiate their check will release and forever discharge the Released Parties, from any and all claims, rights, demands, liabilities and causes of action arising during the Release Period under Michigan state and local wage and hour claims (including but not limited to claims under the common law (e.g., breach of contract, unjust enrichment, etc.,) and Michigan Workforce Opportunity Wage Act, M.C.L. § 408.411 *et seq.*, and M.C.L. § 408.931 *et seq.*) relating to claims for expense reimbursement, dual jobs/80-20 claims, and tip credit notice claims, and based on facts asserted in the Actions.

Settlement Agreement, ¶ 45.

The Settlement Agreement also provides for creation of a Reserve Fund to be held in a Qualified Settlement Fund and permits any Participating Class Member who did not cash his/her check any time during the Reserve Fund Period to request the Claims Administrator reissue his or her check. The Court retains jurisdiction during the Reserve Fund Period and the Court will have continuing jurisdiction over the Action to enforce, interpret, and otherwise implement the settlement. Settlement Agreement, ¶ 33(b) and ¶ 41(c).

The parties hired a Claims Administrator to distribute the Notice of Settlement. Notice was sent to 884 class members. *See* Motion for Final Approval, p. 3.  Defendants also complied with the Class Action Fairness Act ("CAFA") by sending notices to the appropriate government officials.  *See* Motion for Final Approval, p. 4.

The Settlement Agreement provides for payment of attorneys' fees in the amount of 1/3 of the Settlement Fund, reimbursement of litigation expenses, administrative costs of $10,000, and a service award to Plaintiff Joseph Cheeney of $10,000.

### 3. Analysis

#### a. Class Certification is Appropriate for Settlement Purposes.

The Court hereby certifies the following Rule 23 settlement class:

> All current and former delivery drivers employed from May 30, 2015, until February 10, 2020, at the Domino's Franchise stores owned, operated, and/or controlled by Defendants (the "Settlement Class").

The Settlement Class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b) (3) for purposes of settlement.[1] *See, e.g., Young v. Rolling in the Dough, Inc.,* No. 1:17-cv-7825, 2020 WL 969616, *3 (N.D. Ill. Feb. 27, 2020) (approving a Rule 23 settlement class of Domino's drivers asserting similar claims); *Mullins v. Southern Ohio Pizza, Inc.*, No. 1:17-CV-426, 2019 WL 275711, at *2 (S.D. Ohio Jan. 18, 2019); *Arledge v. Domino's Pizza, Inc.*, No. 3:16-CV-386-WHR, 2018 WL 5023950, at *1–2 (S.D. Ohio Oct. 17, 2018); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 WL 6310376, *6 (S.D. Ohio Nov. 25, 2019); *Chrismon v. Meadow Greens Pizza*, No. 5:19-CV-155-BO, 2020 WL 3790866, at *3 (E.D.N.C. July 7, 2020).

---

[1] The Court acknowledges that Defendants agreed to class certification pursuant to Rule 23 and collective action certification pursuant to Section 216(b) for settlement purposes only.

Federal Rule of Civil Procedure 23(a)(1) is satisfied because there are 884 class members, and thus, joinder is impracticable. Doc. 96, Plaintiff's Unopposed Motion for Final Approval, p. 3.

Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2) because Plaintiff and the class members share common issues of fact and law. Rule 23(a)(2)'s commonality requirement is satisfied where there are "questions of law or fact common to the class." A single common question is sufficient to certify a class. *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998). Plaintiff alleges that Defendants' reimbursement policy harmed all of the class members in the same way. Defendants do not contest that commonality is satisfied for settlement purposes.

For the same reason, Plaintiff satisfies the typicality requirement in Federal Rule of Civil Procedure 23(a)(3) because Plaintiff's claims arise from the same factual and legal circumstances that form the basis of the class members claims. Doc. 93, Motion for Preliminary Approval, PageID 521. Defendants do not contest that typicality is satisfied for settlement purposes.

Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that he has interests antagonistic to or at odds with those of Class Members. *Cross v. Nat'l Trust Life Ins. Co.*, 553 F.3d 1026, 1031 (6th Cir. 1977).

Plaintiff also satisfies Federal Rule of Civil Procedure 23(b)(3). Class members' common factual allegations and legal theory—that Defendants under-reimbursed the delivery drivers, and took improper deductions from wages—predominate over any factual or legal variations among Class Members. Defendants do not contest predominance is satisfied for settlement purposes.

The Court appoints Biller & Kimble, LLC, Bos & Glazier, P.L.C., Blanchard & Walker, PLLC, and Forester Haynie PLLC as class counsel because they meet all of the requirements of Rule 23(g).

Finally, the Court finds that the Class Notice process undertaken by the Claims Administrator met the requirements of Rule 23(e)(1), and the government notices provided met the requirements of CAFA. Doc. 96, Plaintiff's Unopposed Motion for Final Approval, pp. 4-5.

The Court also finds that all FLSA opt in Plaintiffs are properly joined to the case, and that the case is properly certified as a collective action pursuant to Section 216(b) of the FLSA.

The Court **GRANTS** certification of a Rule 23 and FLSA Section 216(b) settlement class of Defendants' delivery drivers employed from May 30, 2015, until February 10, 2020, at the Domino's Franchise stores owned, operated, and/or controlled by Defendants.

### b. The parties' settlement is fair, reasonable, and adequate.

Rule 23(e) requires court approval for a class action settlement so that it is procedurally and substantively fair, reasonable, and adequate. FED. R. CIV. P. 23(e); *Bautista v. Twin Lakes Farms, Inc.*, No. 104-cv-483, 2007 WL 329162, at *4 (W.D. Mich. Jan. 31, 2007).

Th Court recognizes the "general federal policy favoring the settlement of class actions." *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 593 (E.D. Mich. 2006); *see also Ehrheart v. Verizon Wireless,* 609 F.3d 589, 594-95 (3d Cir. 2010) (there is an "especially strong" presumption in favor of voluntary settlements "in class actions…where substantial judicial resources can be conserved by avoiding formal litigation"); Newberg §§ 11.41 ("The compromise of complex litigation can be encouraged by the courts and favored by public policy."). This includes the "strong presumption of fairness attaches to the proposed settlement." *Bautista* 2007 WL 329162, at *4.

Courts in the Sixth Circuit evaluate the following factors in determining whether to approve a class action settlement: (1) the strength of the case on its merits, balanced by the settlement amount, (2) the defendants' ability to pay, (3) the complexity, expense, and length of further

litigation, (4) the amount of opposition to the settlement, (5) the presence of collusion in reaching a settlement, (6) the reaction of members of the class to the settlement, (7) the opinion of competent counsel, and (8) the stage of proceedings and the amount of discovery completed. *Id.* at *4.

First, the Court finds that there are extensive factual and legal disputes that presents significant risk to each party's position. This factor weighs in favor of approval.

Second, the parties represent that Defendants' capacity to pay for both a greater amount and protracted litigation weigh heavily in favor of this settlement. *See* Declaration of Andrew Kimble, Doc. 96-2, ¶¶ 11-13; s*ee, e.g., Bautista*, 2007 WL 329162, at *5. This factor weighs in favor of approval of the settlement.

Third, wage and hour class and collective actions, such as this, are inherently complex and time-consuming. *Arledge v. Domino's Pizza, Inc.*, No. 3:16-cv-386-WHR, 2018 WL 5023950, *5 (S.D. Ohio Oct. 17, 2018) (concluding a case raising a similar delivery driver reimbursement claim "involved complicated issues of fact and law."). Defendants dispute liability and raise a number of defenses. The settlement amount is not the full amount that the delivery drivers could have received at trial, but the settlement eliminates the possibility that the delivery drivers might receive nothing at trial, or receive nothing as a result of Defendants' financial status. Indeed, "[i]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *In re Ira Hupt & Co.*, 304 F.Supp. 917, 934 (S.D.N.Y. 1969).

Further, there is no evidence of collusion in reaching this settlement, and none of the class members have objected to or opted out of the settlement. Class Counsel are uniquely experienced in pizza delivery driver litigation. Referring to Biller & Kimble, LLC's lawyers, Judge Walter H. Rice held "[t]he Court is familiar with Class Counsel's work in this and other cases like it. * * * The Court agrees that Class Counsel's work in this area is exemplary…" *Brandenburg* 2019 WL

6310376, *6. Class Counsel supports this settlement and believes it is fair, adequate, and reasonable.

These factors support approval of the settlement.

The Court therefore **APPROVES** the parties' Settlement Agreement as fair, adequate, and reasonable.

### c. Fees, Expenses, and Service Awards

Plaintiff's Counsel asks the Court to approve an attorneys' fees award of one-third of the Settlement Fund, *i.e.*, $158,333. Defendants do not object to the requested fee award. In granting preliminary approval, the Court provisionally approved Plaintiff's Counsel's request for fees and costs, and explained that the fees and costs would be finally approved after taking into account any objections. Doc. 94, ¶ 9. The Notice period is closed, and no class members objected to the settlement or the requested fees and costs.

Many courts in the Sixth Circuit have held that attorneys' fees in the amount of 1/3 of the settlement fund is reasonable. *See, e.g., Brandenburg,* 2019 WL 6310376, *6 ; *Osman v. Grube, Inc.*, No. 3:16-cv-802, 2018 WL 2095172, at *3 (N.D. Ohio May 4, 2018); *Thorn v. Bob Evans Farm*, No. 2:12-cv-00768, 2016 WL 8140448, at *2 (S.D. Ohio Feb. 26, 2016) (awarding 32.92% of common fund); *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 WL 4574509, at *8 (N.D. Ohio Sept. 20, 2019) (stating "33% is typical for attorney's fees in common fund, FLSA collective actions in this District…").The Court finds this request for attorneys' fees to be fair, adequate, and reasonable, and therefore **GRANTS** Plaintiff's Counsel's request for attorneys' fees in the amount of $158,333. Though no lodestar crosscheck is necessary, the Court finds that Plaintiff's lodestar of $99,972.50 justifies the requested fee amount.

The Court also **GRANTS** Plaintiff's Counsel's request for reimbursement of litigation costs in the amount of $7,431.97, and **APPROVES** the claims administration costs of $10,000.00 as fair, adequate, and reasonable.

### i. Service Award

The Court also approves the request for a service award in the amount of $10,000 to Joseph Cheeney. Mr. Cheeney provided valuable insight to his Counsel throughout the case, and his efforts resulted in payment to over 800 minimum wage pizza delivery drivers. The requested service award is reasonable. *See, e.g., Mullins*, 2019 WL 275711, *6 (approving $10,000 service award in pizza delivery driver case); *Arledge*, 2018 WL 5023950, *6 (approving $10,000 service award in pizza delivery driver case); *Brandenburg*, 2019 WL 6310376, *7 (approving $10,000 service award in pizza delivery driver case); *Young*, 2020 WL 969616, *7; *Chrismon*, 2020 WL 3790866, *5. Accordingly, the Court **GRANTS** Plaintiff's request for a service award of $10,000.

### 4. Conclusion

Having reviewed Plaintiff's unopposed motion for final approval, the Court **GRANTS** the motion. Settlement Class Members are permanently enjoined from prosecuting against the Released Parties (as defined in the Agreement) any and all of the Released Claims (as defined in the Agreement).

This action is hereby **DISMISSED** with prejudice, with the Court to retain jurisdiction to to enforce, interpret, and otherwise implement the settlement. The Parties are ordered to carry out the Settlement Agreement according to its terms.

**IT IS SO ORDERED**, this 28th day of July, 2020.

/s/ Janet T. Neff
_____
Janet T. Neff, United States District Judge